IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-361 |
| vs. | |
| COREY DENNIS FLECK, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), Filing 34. Defendant seeks compassionate release due to concerns arising from the COVID-19 pandemic.[1] Defendant's motion will be denied.

On January 30, 2014, Defendant pleaded guilty to possessing with intent to distribute five grams of more of methamphetamine (actual) in violation of 21 U.S.C. § 841 (a)(1) and (b)(1)(B), as alleged in Count I of the Indictment. Filing 22. The Probation Office's sentencing recommendation calculated Defendant's total offense level at 31, with a criminal history category of VI. Filing 29. Defendant was categorized as a career criminal because of his significant criminal history. Filing 29 at 2. Defendant's offense level and criminal history category resulted in a guideline range sentence of 188 to 235 months. Filing 28; Filing 29. Nevertheless, the Court[2] varied below the guideline range and imposed a sentence of 151 months of incarceration, followed by 4 years of supervised release. Filing 30.

---

[1] Defendant also states, "because of changes in modern law per the First Step Act of December 21, 2018 my sentence would be substantially less if sentenced today." Filing 34 at 5. Defendant does not explain how or why his sentence would be lower. The Court has recalculated the guideline provisions for Defendant's offense using today's United States Sentencing Commission Guidelines Manual and present law, and it finds he would still be subject to the same guideline range today as he was during his original sentencing. The Court also notes that Defendant was given the benefit of a two-level downward variance at his initial sentencing. See Filing 30; Filing 31.

[2] This case was previously assigned to retired Senior District Judge Lyle E. Strom and was reassigned to the undersigned on October 21, 2021. Filing 35.

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant has provided the Court with a copy of his communication to the warden of his facility for compassionate release dated September 10, 2021. Filing 34-1 at 3. Defendant further indicates that as of the date he drafted the present motion, October 15, 2021, he had received no response from the warden. Filing 34 at 2-6. Accepting Defendant's factual allegations as true, more than thirty days had elapsed since the date of his request.

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
>    . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines identify four general categories of qualifying circumstances, including: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1 (2018).

Defendant seeks compassionate release, asserting that his health conditions place him at an increased risk of severe illness should he contract COVID-19. Filing 34 at 5. Defendant also asserts

continuing lockdowns related to COVID-19 have "seriously affected [his] mental health." Filing 34 at 5. The Court does not minimize Defendant's medical conditions or the potential risk he faces; however, a generalized concern about the presence of COVID-19 is insufficient to show extraordinary and compelling reasons for release. *See* United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); United States v. Melgarejo, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Instead, the court must determine whether the nature of Defendant's increased risk is sufficiently extraordinary and compelling to merit release from incarceration. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant has not shown that his specific health conditions place him at a greater risk of complications, nor has he shown that his conditions are being insufficiently treated. Defendant asserts he suffers from thyroid problems and high cholesterol, and he has provided medical records indicating the same. Filing 34-1. Even assuming these conditions do result in increased risk associated with COVID-19,[3] Defendant has not provided any information to indicate the severity of his conditions, leaving the Court unable to assess any unique risk he faces. Defendant further contends that he has not been permitted to see a specialist yet for complained of blood in his stool, despite being approved in his current facility for a consult on May 6, 2021. Filing 34-1 at 5. He further notes joint and back pain that he says are exacerbated by lockdown. Filing 34-1 at 6. The

---

[3] High cholesterol and hypothyroidism are not currently identified on the CDC's list of medical conditions associated with increased risk of severe illness from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults.

Court finds that neither Defendant's medical conditions nor his generalized concerns about COVID-19 constitute extraordinary and compelling reasons for release.

Further, the Court has reviewed the record and concludes that a reduction of his sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[4] Defendant's criminal history is significant and the Court already imposed a sentence significantly below his guideline range. Further reduction may undermine the seriousness of his offenses and would not promote respect for the law. Defendant has not shown that he cannot be cared for in prison, and the Court concludes the factors under 18 U.S.C. § 3553(a) do not allow for compassionate release. Accordingly, Defendant's motion is denied.

IT IS ORDERED.

1. Defendant's Motion for Compassionate Release, Filing 34, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 2nd day of December, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[4] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).